# IN THE COURT OF APPEALS OF IOWA

No. 15-0314
Filed May 11, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHARLES WALTER ALLEN TORSKY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge.

        The defendant appeals his conviction for operating while intoxicated, contending the district court erred in denying his motion to suppress evidence obtained as a result of an allegedly unlawful traffic stop. **AFFIRMED.**

        Amanda M. Bartusek and Robert G. Rehkemper of Gourley, Rehkemper & Lindholm, P.L.C., West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, for appellee.

        Considered by Tabor, P.J., McDonald, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MCDONALD, Judge.**

**"**The driver doth weave too much, methinks," or something to that effect, said the officer when asked why he initiated a traffic stop of the defendant, Charles Torsky, shortly after bar-closing time.  Based on the officer's testimony and video of the traffic stop, the district court denied Torsky's motion to suppress evidence obtained as a result of the traffic stop.  Following a trial on the minutes of testimony, Torsky was convicted of operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (2013).[1]

On appeal, Torsky contends the district court erred in denying his motion to suppress evidence.  Specifically, Torsky argues the officer initiated the traffic stop without probable cause or reasonable suspicion in violation of Torsky's right to be free from unreasonable seizure as protected by the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution. He does not advance a "distinct analytical framework" for his state-law claim. *State v. Ary*, ___ N.W.2d ___, ___, 2016 WL 1391878, at *9 (Iowa 2016).  "When counsel does not advance a distinct analytical framework under a parallel state constitutional provision, we ordinarily exercise prudence by applying the federal framework to our analysis of the state constitutional claim, but we may diverge from federal caselaw in our application of that framework under the state constitution."  *Id.*  We review a claim of an alleged constitutional violation de novo.  *See State v. Lyon*, 862 N.W.2d 391, 394 (Iowa 2015).  We make an "independent evaluation of the totality of circumstances shown by the entire

---

[1] Although the judgment entry states the defendant pleaded guilty to the offense, the parties agree the conviction followed a trial on the minutes of testimony.

record." *Id.* We give considerable deference to the district court's credibility findings, but we are not bound by such findings. *See State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004).

At approximately 2:30 a.m. on Friday, October 24, 2014, Officer Dolsen was on patrol when a truck caught his attention. The truck (now known to be driven by Torsky) was driving on the right fog line. Officer Dolsen observed the truck's speed fluctuate between forty and forty-eight miles per hour in a fifty-five-mile-per-hour speed zone. He noticed the truck weave within the right-hand lane. Officer Dolsen observed another vehicle attempt to pass Torsky's truck and observed the passing vehicle stop on multiple occasions because Torsky's truck was weaving. Inclement weather could not explain Torsky's driving; there was no inclement weather. The road conditions were good. Officer Dolsen activated his vehicle camera and followed Torsky's vehicle for at least two miles before conducting the traffic stop. The video shows Torsky's truck weave over the fog line on several occasions. Upon speaking to Torsky, the officer observed signs of intoxication and conducted field sobriety tests. Torsky failed the field sobriety tests. A breath test showed Torsky had blood alcohol content of .163.

Officer Dolsen testified he initiated the traffic stop for a violation of Clive City Ordinance CL 6-2-1(43), which mirrors Iowa Code section 321.306. Iowa Code section 321.306 states:

> Whenever any roadway has been divided into three or more clearly marked lanes for traffic the following rules in addition to others consistent herewith shall apply:
> 1. A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

During the suppression hearing, Officer Dolsen also testified Torsky's driving suggested an ongoing medical condition or impaired driving. When asked what criminal activity Officer Dolsen suspected, the officer testified he suspected anything from texting while driving to impaired driving.

Torsky first contends the officer lacked probable cause to initiate a traffic stop. "Probable cause exists if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee committed or is committing it." *Tague*, 676 N.W.2d at 201. The State must prove by a preponderance of the evidence that the officer had probable cause to make the traffic stop. *Id.* A police officer has probable cause to stop a motorist when the officer observes a traffic violation. *See id.* The State concedes the traffic stop is not supported by probable cause.

Torsky contends the State failed to prove the traffic stop was supported by reasonable suspicion of criminal activity. The police only need reasonable suspicion of criminal activity to justify a traffic stop for investigative purposes. *See id.* at 204. "Reasonable suspicion to stop a vehicle for investigative purposes exists when articulable facts and all the circumstances confronting the officer at the time give rise to a reasonable belief that criminal activity may be afoot." *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015). We evaluate the existence of reasonable suspicion by considering all of the circumstances together. *See id.* (citing *United States v. Arvizu*, 534 U.S. 266, 273 (2002); *State v. Kreps*, 650 N.W.2d 636, 642 (Iowa 2002)). To justify the seizure, the State is

not limited to the officer's stated reasons for the stop. *See Tague*, 676 N.W.2d at 201.

Here, Officer Dolsen was on patrol at approximately 2:30 in the morning shortly after bar-closing time. *See State v. Rohrer*, No. 10-0830, 2011 WL 646905, at *2 (Iowa Ct. App. Feb. 23, 2011) (finding reasonable suspicion to support a traffic stop where the officer encountered the defendant "at about 2:00 a.m.," which "is a time when people are often returning home from a bar"). The officer observed Torsky fail to maintain a regular rate of speed. The officer also observed Torsky drove well under the posted speed limit. Torsky's truck swerved towards the center lane affecting a passing vehicle. Video evidence showed Torsky weaved within the traffic lane and crossed the fog line on the right hand side of the road on several occasions over a few minutes. The weather and road conditions were good. Under the totality of the circumstances, we conclude the officer had reasonable suspicion to initiate a traffic stop and conduct further inquiry. *See, e.g.*, *State v. Allspach*, No. 15-0552, 2016 WL 893450, at *2 (Iowa Ct. App. Mar. 9, 2016) (holding officer had reasonable suspicion where the vehicle touched the fog line or dash line at least five times in a short period and video documented the absence of environmental or road conditions that might have explained the weaving); *State v. Byrne*, No. 09-0254, 2009 WL 3379106, at *3 (Iowa Ct. App. Oct. 21, 2009) (affirming district court's denial of motion to suppress where defendant's vehicle did not stay in its lane, crossed center white lines, and almost hit a curb); *State v. Etter*, No. 07-2002, 2008 WL 2522086, at *2 (Iowa Ct. App. June 25, 2008) (holding officer possessed reasonable suspicion where driver crossed over the fog line on

several occasions in the early morning hours); *State v. Tompkins*, 507 N.W.2d 736, 737 (Iowa Ct. App. 1993) (affirming denial of motion to suppress when driver weaved in the lane multiple times).

The district court did not err in denying the defendant's motion to suppress evidence. We affirm the defendant's conviction and sentence.

**AFFIRMED.**